**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:98-cr-00035-HDM-RJJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BRETT ALLEN HUDSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court is the defendant Brett Allen Hudson's ("defendant") petition for a writ of *audita querela* (#111). The government has opposed (#115), and the defendant has replied (#116).

On June 16, 1998, defendant was convicted by a jury of bank robbery. He was sentenced on September 17, 1998, to 240 months incarceration. The sentence was imposed after the court concluded

1

that defendant qualified as a "career offender" under USSG § 4B1.1 because he was at least 18 at the time he committed the instant offense, and he had at least two prior felony convictions for "crimes of violence."  Defendant appealed his conviction.  The Ninth Circuit affirmed his conviction and sentence.  *See United States v. Hudson*, 188 F.3d 516 (9th Cir. 1999) (unpublished opinion), *cert. denied*, 528 U.S. 1098 (2000).

On January 8, 2001, defendant filed a 28 U.S.C. § 2255 motion challenging his conviction.  Defendant argued that the district court did not have jurisdiction over his bank robbery charge, his attorney was ineffective, and the government used perjured testimony at trial.  On May 13, 2002, the court denied the § 2255 motion.

On March 8, 2006, defendant filed another § 2255 motion, this time challenging his sentence under the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13 (2005).  Defendant argued that *Shepard* created a newly recognized right that was retroactively applicable to cases on collateral review.  In its opinion dated July 17, 2006, the court held that the rule pronounced in *Shepard* was a procedural rather than substantive change in the law and that it did not apply retroactively. Defendant appealed.  Both this court and the circuit court denied defendant a certificate of appealability.

On January 2, 2008, defendant filed the instant petition for a writ of *audita querela*.  Although the avenue for relief differs, the argument for relief is identical to that in defendant's second § 2255 motion.  Defendant argues he is entitled to relief under *Shepard*, and that *audita querela* is appropriate because no other

2

postconviction remedy can provide him relief.

*Audita querela* is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued. *United States v. Carrington*, 503 F.3d 888, 890 n.2 (9th Cir. 2007). The writ survives "only to the extent that [it fills] 'gaps' in the current systems of postconviction relief." *United States v. Valedez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001). A writ of *audita querela* is not available if the claims raised would be cognizable in a § 2255 habeas petition. *Carrington*, 503 F.3d at 890. Further, statutory limits on second or successive § 2255 petitions do not create a "gap" in the postconviction landscape that can be filled with *audita querela*. *Carrington*, 503 F.3d at 890.

The law is clear that a claim cognizable under § 2255 cannot be the subject of a petition for a writ of *audita querela*, nor can *audita querela* be used as an end-run around § 2255's prohibition on second or successive petitions. Here, not only is defendant's claim cognizable under § 2255, it has also already been the subject of a § 2255 petition. Moreover, even if defendant's claim were not cognizable under § 2255, the relief he seeks is not available to him at any rate. Newly announced rules of criminal procedure are presumed to be nonretroactive unless the Supreme Court has specifically held the rule to be retroactive or the new rule is a "watershed rule" implicating the fundamental fairness and accuracy of criminal proceedings. *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004); *Tyler v. Cain*, 533 U.S. 656, 662 (2001). The Supreme Court has not held that *Shepard* applies retroactively to cases on

collateral review.  Moreover, this and other courts have held that *Shepard* announced a procedural rule that is not a watershed change to criminal procedure.  Order of July 17, 2006 (#94); *see also, e.g.*, *Corey v. United States*, 221 Fed. App'x 1, at *2 (1st Cir. 2007) (unpublished opinion); *Carrie v. Patton*, 2008 WL 466210, at *2 (E.D. Ky. Feb. 18, 2008) (slip copy).  The reasoning of the court's earlier order applies with equal force here.  Defendant is not entitled to relief under either § 2255 or pursuant to a writ of *audita querela* because *Shepard* cannot be applied retroactively to his sentence. Therefore, defendant's petition for a writ of *audita querela* (#111) is denied.

DATED: This 14th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE

4