# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:98-cr-00035-HDM-RJJ |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| BRETT ALLEN HUDSON, | ) | |
| Defendant. | ) | |

Before the court is the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (#138). The government has responded (#142), and the defendant has replied (#144).

Under § 3582(c)(2), the court may reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under United States Sentencing Guideline ("U.S.S.G.") § 1B1.10(a)(2), a reduction in a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not authorized if the amendment reducing the defendant's guidelines range is not

1

contained in U.S.S.G. § 1B1.10(c).

Defendant asserts that he is entitled to relief under Amendments 552 and 709 of the Sentencing Guidelines. While neither amendment is listed in U.S.S.G. § 1B1.10(c), defendant nevertheless insists that both may be applied retroactively because they are "clarifying" amendments. *See* U.S.S.G. 1B1.11(b)(2). For several reasons, defendant's contentions are without merit.

Amendment 552, which took effect on November 1, 1997, modified U.S.S.G. § 2B3.1. Before the amendment was passed, § 2B3.1 increased a robbery sentence by two levels "if an express threat of death was made." *See United States v. Day*, 272 F.3d 216, 217 n.2 (3d Cir. 2011) (citing § 2B3.1(b)(2)(F)). Amendment 552 removed the word express, "modified the accompanying Commentary to acknowledge that either an explicit or implicit threat would suffice, and slightly altered the Commentary language to explain the provision's intent to raise the offense level in cases in which the offender instills in a reasonable victim a fear of death." *Day*, 272 F.3d at 217.

Whether Amendment 552 was a clarifying amendment and thus retroactively applicable is unnecessary for this court to decide. Amendment 552 was in effect at the time of defendant's sentencing in September 1998. Thus, Amendment 552 could not have subsequently lowered defendant's sentence because it impacted his sentence in the first place. Moreover, even if the amendment had not been applied, it did not change, much less lower, the range of defendant's sentence. "The deletion of the word 'express' plainly broadened the Guideline rather than narrowed it." *Day*, 272 F.3d at 218. If anything, Amendment 552 further confirmed that the two-

2

level enhancement for a threat of death was properly applied to defendant's sentence. As Amendment 552 did not subsequently lower defendant's sentence range, the amendment provides defendant no basis for relief.[1]

The Ninth Circuit has explicitly held that Amendment 709 is a not a clarifying amendment and therefore may not be applied retroactively. *United States v. Marler*, 527 F.3d 874, 878 n.1 (9th cir. 2008). Defendant's assertion that Amendment 709 is a clarifying amendment and should be applied retroactively to reduce his sentence is thus without merit.[2]

Accordingly, defendant's motion for relief pursuant to 18 U.S.C. § 3582 (#138) is **DENIED**.

**IT IS SO ORDERED.**

DATED: This 22nd day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] It appears that what defendant is actually seeking here is a *de novo* review of the factual basis supporting application of the guideline Amendment 552 modified, § 2B3.1(b)(2)(F). This argument is implied by defendant's assertions that the government did not carry its burden in proving defendant had made a threat of death. (*See* Def. Mot. 4; Def. Reply 3-4). His argument seems to be that Amendment 552 is a clarifying amendment and that because U.S.S.G. policy is to retroactively apply clarifying amendments, the court may reconsider whether the guideline provision Amendment 552 modified was properly applied in the first place. Defendant's position is without legal support, particularly where, as here, the enhancement would apply with or without the amendment.

[2] Defendant has previously sought relief pursuant to Amendment 709. The court rejected his argument on the grounds that Amendment 709 did not change the calculation of defendant's sentence and at any rate was not retroactively applicable. Defendant appealed to the Ninth Circuit. On August 19, 2009, the Ninth Circuit issued an order denying defendant's application to proceed *in forma pauperis*, and requiring defendant to both pay the filing fee and show cause why the challenged judgment should not be summarily affirmed. After defendant failed to respond to the circuit court's order, his appeal was dismissed.

3